UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE REINALDO YUQUILEMA MULLO, and SILVERIO FLORES , <br><br> Plaintiff, <br><br> -against- <br><br> DOORDASH, INC., ERIN ANDEREGG, and TONY XU, <br><br> Defendants. | Case No. 22 cv 2430 <br><br> **NOTICE OF REMOVAL OF CLASS ACTION FROM STATE COURT** <br><br> [Removal from Supreme Court of the State of New York, New York County, Index No. 650686/2022] |

Defendants DoorDash, Inc., Erin Anderegg, and Tony Xu ("Defendants") respectfully file this Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, giving notice that they are removing this civil action to the United States District Court for the Southern District of New York. In support of this Notice of Removal, Defendants state the following:

### I. NOTICE OF REMOVAL IS TIMELY

1. On or about February 11, 2022, Plaintiffs Jose Reinaldo Yuquilema Mullo and Silverio Flores ("Plaintiffs") commenced this action by filing a Complaint in the Supreme Court of the State of New York, County of New York, captioned *Jose Reinaldo Yuquilema Mullo and Silverio Flores v. DoorDash, Inc., Erin Anderegg, and Tony Xu,* Index No. 650686/2022 (the "State Court Action"). See **Exhibit A.**

2. Plaintiffs did not complete formal service of the Complaint on Defendants. However, by stipulation dated February 28, 2022, Defendants agreed to waive formal service, and Plaintiffs and Defendants agreed that for the purpose of this action, the date of service of the Complaint on all Defendants shall be February 25, 2022. See **Exhibit B.** This Notice of Removal

is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty days (30) from the date on which Plaintiffs "served" their Complaint. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

3. Plaintiffs and Defendants further stipulated and agreed to extend Defendants' time to respond to the Complaint, to and including April 1, 2022. *See* **Exhibit B.**

4. Pursuant to 28 U.S.C. § 1446(a), the attached **Exhibits A and B** constitute all process, pleadings, orders and other documents served upon or received by Defendants. **Exhibit C** constitutes additional documents filed by the parties with the court in this action.

## II. VENUE

5. Because the Supreme Court of New York, County of New York lies in the Southern District of New York, this Court is the appropriate venue for removal. *See* 28 U.S.C. §1441(a).

## III. FEDERAL QUESTION JURISDICTION

6. Removal is proper because this Court has jurisdiction under 28 U.S.C. § 1331, which provides this Court with original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA") (*see generally* **Exhibit A**, ¶¶ 1, 79-92, 93-100), a federal statute. Whether federal courts have federal question jurisdiction over an action is typically governed by the "well-pleaded complaint" rule, pursuant to which federal question jurisdiction exists "only if plaintiff's statement of his own cause of action shows that it is based on federal law…" *Romano v. Patrick*, 609 F.3d 512, 518 (2nd Cir. 2010); *see also Sullivan v. American Airlines, Inc.,* 424 F.3d 267, 272 (2nd Cir. 2005); *Aurecchione v. Schoolman Transp. Sys.*, 426 F.3d 635, 638 (2nd Cir. 2005). Because Plaintiffs seek relief under federal law, this Court has original jurisdiction over Plaintiffs' FLSA claims. The Court likewise has supplemental jurisdiction over Plaintiffs' related state law claims, all of which rely on the same

theory of alleged independent contractor misclassification, and form part of the same case or controversy, as their federal law claims. 28 U.S.C. § 1367(a).

## IV. DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(A)

8. An additional, and alternative, basis for this Court's jurisdiction is 28 U.S.C. § 1332(a). Under Section 1332(a), federal courts have original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

### A. Diversity of Citizenship Exists

9. To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means the plaintiffs may not be a citizen of the same state as the defendants. *See Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 220 (S.D.N.Y. 2013); *Lehman v. Discovery Commc'ns, Inc.*, 217 F. Supp. 2d 342, 347 (E.D.N.Y. 2002).

10. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain. *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). "The place where a [man] lives is properly taken to be [his] domicile until facts adduced establish the contrary." *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *see also Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986) ("An individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of [his] domicile.").

11. Plaintiff Mullo alleges that he is a citizen of the State of New York, residing in New York County, State of New York.  **Exhibit A**, ¶ 7.

12. Plaintiff Flores alleges that he is a citizen of the State of New York, residing in New York County, State of New York.  **Exhibit A**, ¶ 7.

13. Defendant Anderegg is an individual and citizen of the State of California, residing in Pleasanton, California. (Declaration of Rich Kellis in Support of Defendants' Notice of Removal ["Kellis Decl."], ¶ 4.)

14. Defendant Xu is an individual and citizen of the State of California, residing in San Francisco, California. (Kellis Decl., ¶ 5.)

15. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the State in which it was incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center" – the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, U.S. 77, 93 (2010).

16. DoorDash is incorporated in the State of Delaware, with its principal place of business located at 303 2nd St, Suite 800 San Francisco, CA 94107. (Kellis Decl., ¶ 3.)

17. Accordingly, all three Defendants are citizens of California, not New York, for purposes of diversity jurisdiction.

### B. The Amount Placed in Controversy Exceeds $75,000

19. Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000, exclusive of interest and costs."

20. Plaintiffs' Complaint does not allege a specific amount in controversy, but states that, in addition to interest and attorneys' fees, Plaintiffs seek unpaid minimum and overtime wages, spread of hours pay, uniform maintenance pay, "meal credit," injunctive relief, liquidated damages, punitive damages, and out-of-pocket costs while operating as drivers. **Exhibit A**, Prayer for Relief.

21. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1446(c)(2)(A).

22. Although Defendants deny the validity and merit of Plaintiffs' claims and allegations, and deny that Plaintiffs are entitled to any relief, Plaintiffs' claims as alleged are well in excess of the jurisdictional minimum of $75,000.

23. First, Plaintiffs seek up to $10,000 ($5,000 each) for alleged wage notice violations and $10,000 ($5,000 each) for alleged wage statement violations, for a total of **$20,000**. **Exhibit A**, Counts VIII and IX.

24. Second, Plaintiff Mullo alleges that from April 7, 2020 to May 5, 2021, he worked as much as twelve (12) hours per day, seven (7) days per week and made as little as $70 per day, making his hourly rate as low as $5.83 per hour. **Exhibit A**, ¶¶ 44-45. Plaintiff Mullo alleges he worked in New York City (*Id.* at ¶ 8); during this time the standard minimum wage in New York City (without taking into account potential tip credits, which Plaintiffs argue are not permitted) was $15.00 per hour. https://www.ny.gov/new-york-states-minimum-wage/new-york-states-minimum-wage. Accordingly, Plaintiff Mullo alleges he is entitled to additional minimum wages of $9.17 per hour for 12 hours of work, every day, for the period of April 7, 2020 to May 5, 2021 (393 days). This would total as much as approximately **$43,245.72** in unpaid minimum wages, just for Plaintiff Mullo, just for the period of April 7, 2020 to May 5, 2021. Plaintiffs also seek liquidated damages of 100% of the unpaid amounts (*Id.* at ¶ 87), which would be an *additional* **$43,245.72**.

25. In addition, Plaintiffs seek attorneys' fees, which must be taken into account when determining whether the amount in controversy is met. *See Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 298 (E.D.N.Y. 2005).

26. In sum, the amount in controversy as alleged by Plaintiffs easily exceeds $75,000, and this Court therefore has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## V. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

27. This Notice of Removal is being filed in the Southern District of New York, which is the federal court for the District within which the State Court Action is pending, as required by 28 U.S.C. § 1441(a) and 1446(a).

28. Attached hereto as **Exhibit D** is a true and correct copy of the Notice to Clerk of the Supreme Court of New York of Filing of Notice of Removal, the original of which is being filed with the Supreme Court of the State of New York, County of Queens, as required by 28 U.S.C. § 1446(d).

29. Attached hereto as **Exhibit E** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

30. The required filing fee of $400.00 and an executed civil cover sheet accompany the Notice.

31. By filing this Notice of Removal, Defendants do not waive any rights or defenses available to them at law, equity or otherwise, including, but not limited to, the right to enforce Plaintiffs' agreements to arbitrate their claims against Defendants on an individual basis.

**WHEREFORE,** Defendants respectfully request that the United States District Court for the Southern District of New York assume jurisdiction over the above-captioned action and issue such further orders and process as necessary and required by law.

Dated: March 25, 2022
New York, New York

**LITTLER MENDELSON, P.C.**

By: */s/ Zack G. Sharpe*
Zack G. Sharpe, IV
900 Third Avenue
New York, NY 10022
(212) 583-9600
zsharpe@littler.com

*Attorneys for Defendants*